Lindsay Hutner (SBN CA 238998)
GREENBERG TRAURIG, LLP
101 Second Street, Suite 2200
San Francisco, California 94105-3668
Telephone: 415.655.1300
Facsimile: 415.707.2010
Lindsay.Hutner@gtlaw.com

Samuel S. Hyde (SBN CA 327065)
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, California 95814
Telephone: 916.442.1111
Facsimile: 916.448.1709
hydes@gtlaw.com

Attorneys for Defendants
BLUECREW, LLC, and BLUECREW STAFFING, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DELA CRUZ, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BLUECREW, LLC, a Limited Liability Company; BLUECREW STAFFING, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL** |

## Table of Contents

I. TIMELINESS OF REMOVAL .................................................................................... 6

II. SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL .................. 7

    A. The Proposed Class Consists of More than 100 Members. ............................. 8

    B. Minimum Diversity Exists Because Defendants and Plaintiff Are Not Citizens of the Same State. ............................................................................... 9

    C. The Amount in Controversy Exceeds $5 Million. .......................................... 10

        1. Failure to Provide Meal Break Claim. ................................................. 12

        2. Failure to Provide Rest Break Claim ................................................... 13

        3. Failure to Provide Accurate Wage Statements Claim. ........................ 14

        4. Waiting Time Penalty Claim. .............................................................. 15

        5. Plaintiff's Request for Attorneys' Fees Places More than $5,540,000 in Controversy ......................................................................................... 15

        6. Just Four of Plaintiff's Nine Causes of Action, Including Attorneys' Fees, Place More than $27,700,000 in Controversy. ........................... 16

III. THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER. .................. 17

# TABLE OF AUTHORITIES
## Cases

*Arias v. Residence Inn by Marriott*
   936 F.3d 920 (9th Cir. 2019) .................................................................................. 10, 12, 15

*Barcia v. Contain-A-Way, Inc.*
   2009 WL 587844 (S.D. Cal. Mar. 6, 2009) ..................................................................... 16

*Bendorf v. SeaWorld LLC*
   2022 WL 1056083 (S.D. Cal. Apr. 8, 2022) ...................................................................... 6

*Campbell v. Vitran Express, Inc.*
   471 F. App'x 646 (9th Cir. 2012) ..................................................................................... 11

*Danielsson v. Blood Centers of Pac.*
   2019 WL 7290476 (N.D. Cal. Dec. 30, 2019) ................................................................. 13

*Dart v. Cherokee Basin Operating Co. v. Owens*
   574 U.S. 81 (2014) ..................................................................................................... 10, 11

*Gipson v. Champion Home Builders, Inc.*
   2020 WL 4048503 (E.D. Cal. July 20, 2020) .................................................................. 13

*Hanlon v. Chrysler Corp.*
   150 F.3d 1011 (9th Cir. 1998) ......................................................................................... 16

*Johnson v. Columbia Props. Anchorage, LP*
   437 F.3d 894 (9th Cir. 2006) ........................................................................................... 10

*Kantor v. Wellesley Galleries, Ltd.*
   704 F.2d 1088 (9th Cir. 1983) ........................................................................................... 9

*Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*
   199 F. Supp. 2d 993 (C.D. Cal. 2002) ............................................................................. 11

*Korn v. Polo Ralph Lauren Corp.*
   536 F. Supp. 2d 1199 (E.D. Cal. 2008) ........................................................................... 11

*Kuxhausen v. BMW Fin. Servs. NA LLC*
   707 F.3d 1136 ..................................................................................................................... 6

*LaCross v. Knight Transp. Inc.*
   775 F.3d 1200 (9th Cir. 2015) ......................................................................................... 10

*Lewis v. Verizon Commc'ns, Inc.*
   627 F.3d 395 (9th Cir. 2010) ................................................................................... 11

*Mann v. City of Tucson, Dep't of Police*
   782 F.3d 790 (9th Cir. 1986) ..................................................................................... 9

*Rippee v. Bos. Mkt. Corp.*
   408 F. Supp. 2d 982 (S.D. Cal. 2005) ..................................................................... 11

*Roth v. CHA Hollywood Med. Ctr., L.P.*
   720 F.3d 1121 ............................................................................................................ 6

*Salter v. Quality Carriers, Inc.*
   974 F.3d 959 (9th Cir. 2020) ................................................................................... 11

*Std. Fire Ins. Co. v. Knowles*
   568 U.S. 588 (2013) ................................................................................................ 11

**Statutes**

28 U.S.C. 1332 ............................................................................................................ passim

28 U.S.C. 1441 ........................................................................................................ 7, 8, 17

28 U.S.C. 1446 ........................................................................................................ 6, 7, 18

28 U.S.C. 1453 ............................................................................................................... 6, 7

28 U.S.C. 1711 .................................................................................................................. 6

28 U.S.C. 84 .................................................................................................................... 17

Cal. Bus. & Prof. Code 17200 .................................................................................... 7, 12

Cal. Code of Civ. Proc. 382 ............................................................................................. 7

Cal. Labor Code 1194 ...................................................................................................... 7

Cal. Labor Code 1197 ...................................................................................................... 7

Cal. Labor Code 201 ........................................................................................................ 7

Cal. Labor Code 202 ........................................................................................................ 7

Cal. Labor Code 203 .................................................................................................. 7, 15

Cal. Labor Code 204 ........................................................................................................ 7

Cal. Labor Code 210 ................................................................................................................... 7

Cal. Labor Code 226 ......................................................................................................... 7, 13, 14

Cal. Labor Code 233 ................................................................................................................... 7

Cal. Labor Code 246 ................................................................................................................... 7

Cal. Labor Code 2802 ................................................................................................................. 7

Cal. Labor Code 510 ................................................................................................................... 7

Cal. Labor Code 512 ................................................................................................................... 7

Fed. R. Civ. P. 26(a) .................................................................................................................... 6

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

Pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711, Defendants Bluecrew, LLC, and Bluecrew Staffing, Inc., hereby remove to the United States District Court for the Northern District of California the above-captioned state court action, originally filed as Case No. CGC-22-602240 in the Superior Court of California in and for the County of San Francisco. Removal is proper on the following grounds:

## I.   TIMELINESS OF REMOVAL

1. Plaintiff Michael Dela Cruz ("Plaintiff") filed a putative Class Action Complaint (the "Complaint") against Defendants Bluecrew, LLC, and Bluecrew Staffing, Inc. (collectively "Bluecrew" or "Defendants") in San Francisco County Superior Court, Case No, CGC-22-602240, on October 6, 2022. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders are attached to this Notice of Removal. (*See* Declaration of Lindsay E. Hutner ("Hutner Decl.") ¶ 3, Ex. B.)

2. On October 21, 2022, Plaintiff effected service upon Defendants via their Registered Agent for Service of Process. This notice of removal is timely because it is filed within 30 days after service on Defendants was completed. 28 U.S.C. § 1446(b).[1]

---

[1] Thirty (30) days after October 21, 2022, was Sunday, November 20, 2022. Defendants timely filed this Notice of Removal on the first court day following Sunday, November 20, 2022. Fed. R. Civ. P. 26(a)(5). In any event, Plaintiff's Complaint does not sufficiently disclose the amount in controversy and Defendants were not required to investigate its records and remove the action within 30 days. *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 ("a defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability"); *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013) (rejecting plaintiff's argument that defendant "should have disclosed its business records to identify a representative valuation" within 30 days after service"); *see also Bendorf v. SeaWorld LLC*, No. 21-CV-02061-AJB-AGS, 2022 WL 1056083, at *2 (S.D. Cal. Apr. 8, 2022) ("Plaintiff's Complaint does not provide any figures regarding the number of weeks worked by putative class members or their hourly wages. As the four corners of the Complaint does not contain sufficient information from which Defendants could calculate and ascertain that the amount in

## II.  SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL

3. Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject-matter jurisdiction over this action and all claims asserted against Defendants pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

4. CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This case is a "putative" class action under CAFA because it was brought under California Code of Civil Procedure section 382, California's state statute or rule authorizing an action to be brought by one or more representative persons as a class action. *See* 28 U.S.C. § 1332(d)(1)B); *see also* Hutner Decl., Ex. A ("Complaint"), ¶¶ 29-47, and Prayer for Relief.

5. Plaintiff requests that the Court certify this case as a class action. Complaint, Prayer for Relief. He seeks to represent all "individuals who are or previously were employed by [Defendants] in California and classified as non-exempt employees…at any time during the period beginning four (4) years prior to the filing of [the] Complaint." (*Id.* ¶¶ 6, 29.)

6. In his Complaint, Plaintiff alleges nine (9) causes of action against Defendants: (1) Unlawful Business Practices in violation of Cal. Bus. And Prof. Code §§ 17200, *et. seq.*, (2) failure to pay minimum wages in violation of Labor Code sections 1194, 1197, and 1197.1, (3) failure to pay overtime compensation in violation of Labor Code section 510, (4) failure to provide required meal periods in violation of Labor Code sections 226.7 and 512, (5) failure to provide required rest periods in violation of Labor Code sections 226.7 and 512, (6) failure to provide accurate wage statements in violation of Labor Code section 226, (7) failure to reimburse employees for required expenses in violation of Labor Code section 2802, (8) failure to pay wages when due in violation of Labor Code sections 201, 202, and 203, and (9) failure to pay sick pay wages in violation of Labor Code sections 201-204, 210, 233, and 246.

---

controversy exceeded $5 million, it falls short of triggering the removal clock under Section 1446(b)(1).").

7. Among other things, Plaintiff alleges that the putative class members are entitled to damages, unpaid wages, statutory penalties for late payment of wages and inaccurate wage statements, interest, and attorneys' fees and costs. (*See* Compl., Prayer for Relief.)

8. Removal of a class action under PAGA is proper if: (1) there are at least 100 members in the putative class; (2) there is minimal diversity between the parties, such that at least one class member is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d), 1441.

9. Defendants deny any liability in this case, both as to Plaintiff's individual claims and as to the claims he seeks to pursue on behalf of the putative class members. Defendants also deny that class treatment is appropriate under these circumstances, including because Plaintiff is subject to a binding arbitration agreement that requires his claims to be arbitrated on an individual basis only and because there are many material differences between the experiences of Plaintiff and the putative class members he seeks to represent. Defendants expressly reserve all rights and defenses, including their right to compel arbitration. However, for purposes of the jurisdictional requirement for removal *only*, the allegations in Plaintiff's Complaint identify a putative class of more than 100 members and put in controversy, in the aggregate, an amount that exceeds $5 million. *See* 28 U.S.C. § 1332(d)(6).

**A.     The Proposed Class Consists of More than 100 Members.**

10. Based on Plaintiff's allegations in the Complaint, this action satisfies CAFA's requirement that the putative class contain at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

11. Plaintiff's proposed "Classes" consist of all individuals who are or previously were employed by Defendants in California and classified as non-exempt who:

> a. "…at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the

Court (the "CALIFORNIA CLASS PERIOD"); and/or

b. "…at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD").

*See* Compl. ¶¶ 29, 39.

12. Based *solely* on Plaintiff's allegations in the Complaint, Defendants assume for purposes of removal *only* that each putative class alleged in the Complaint would include all of Defendant's non-exempt employees who were employed in California since four years before the filing of the Complaint. According to Defendants' records, Defendant Bluecrew, LLC has employed approximately 17,749 non-exempt employees from October 6, 2018, through October 20, 2022. (Declaration of Ankur Patel ("Patel Decl.") ¶ 4.)

13. Accordingly, while Defendants deny that class treatment is permissible or appropriate, as alleged, the proposed class consists of well over 100 members.

**B.  Minimum Diversity Exists Because Defendants and Plaintiff Are Not Citizens of the Same State.**

14. Under CAFA's minimum diversity of citizenship requirement, the plaintiff or any member of the putative class must be a citizen of a different state than any defendant. *See* 28 U.S.C. § 1332(d)(2)(A). For purposes of CAFA, the plaintiff's citizenship is determined "as of the date of the filing of the complaint or amended complaint, or if the case stated by the initial pleading is not subject to federal jurisdiction, as of the date of service by plaintiffs of an amended pleading … indicating the existence of [f]ederal jurisdiction." *See* 28 U.S.C. § 1332(d)(7); *see also cf. Mann v. City of Tucson, Dep't of Police*, 782 F.3d 790, 794 (9th Cir. 1986) (concluding that, for traditional removal, diversity of citizenship is established "at the time of the filing of the complaint, not at the time the cause of action arose or after the action is commenced").

15. A person is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Based on information and belief, Plaintiff is domiciled in California and is therefore a citizen of California for

purposes of removal under CAFA.

16. A corporation is a citizen of its state of incorporation and the state of its principal place of business. *See* 28 U.S.C. § 1332(c)(1). "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

17. Defendant Bluecrew, LLC, is a limited liability company organized under the laws of Delaware and has its principal place of business in Chicago, Illinois. Bluecrew, LLC's sole member is Bluecrew, Inc. (Declaration of Ankur Patel ("Patel Decl.") ¶ 2.) As such, Bluecrew, LLC is a citizen of Illinois.

18. Defendant Bluecrew Staffing, Inc.[2] is incorporated in Delaware and has its principal place of business in Chicago, Illinois. (*Id.* ¶ 3.) As such, Bluecrew Staffing, Inc. is a citizen of Delaware and Illinois. *See* 28 U.S.C. § 1332(c)(1).

19. Accordingly, Plaintiff and Defendants are citizens of different states and CAFA's minimal diversity requirement is met. *See* 28 U.S.C. § 1332(d)(2)(A).

**C.     The Amount in Controversy Exceeds $5 Million.**

20. CAFA requires that the amount in controversy in a class action exceed $5 million, exclusive of interests and costs. *See* 28 U.S.C. § 1332(d)(2). In calculating the amount in controversy, a court must aggregate the claims of all individual class members. *See* 28 U.S.C. § 1332(d)(6).

21. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart v. Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). To satisfy this burden, a defendant may rely on a "chain of reasoning" that is based on "reasonable" assumptions. *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015). "An assumption may be reasonable if it is founded on the allegations of the complaint." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019); *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964

---

[2] Bluecrew Staffing, Inc. is the name by which Bluecrew, Inc. does business in California. They constitute the same legal entity.

(9th Cir. 2020) ("[I]n *Arias* we held that a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of jurisdictional elements." (internal quotation marks and citations omitted)). That is because "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee*, 574 U.S. at 87. Importantly, plaintiffs seeking to represent a putative class cannot "bind the absent class" through statements aimed to limit their recovery in an effort to "avoid removal to federal court." *Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595-96 (2013).

22.     Moreover, in assessing whether the amount in controversy requirement has been satisfied, "a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). In other words, the focus of the Court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Bos. Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

23.     Although Defendants deny that Plaintiff's claims have any merit, for the purposes of meeting the jurisdictional requirements for removal only, if Plaintiff were to prevail on every claim and allegation in his Complaint on behalf of the putative class, the requested monetary recovery would exceed $5 million.

24.     Defendants reserve the right to present evidence establishing the amount placed in controversy by each of Plaintiff's claims should Plaintiff challenge whether the jurisdictional amount-in-controversy threshold is satisfied. *See Dart Cherokee*, 574 U.S. at 87-89; *see also Salter*, 974 F. 3d at 964 (holding that only a "factual attack" that "contests

the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings" requires the removing defendant to "support her jurisdictional allegations with competent proof," internal quotation marks and citations omitted). "[W]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias*, 936 F.3d at 924.

25. According to Defendants' records, from October 6, 2018 to October 20, 2022, Defendants employed approximately 17,749 employees in California. (Patel Decl. ¶ 4.) The average hourly rate of pay for those employees was $17.29. (*Id.*)

### 1. Failure to Provide Meal Break Claim.

26. Plaintiff's Fourth Cause of Action alleges that "Defendant[s] from time to time failed to provide all the legally required off-duty meal breaks to Plaintiff and [the class]…The nature of the work performed by Plaintiff and [the class] did not prevent these employees from being relieved of all of their duties for the legally required off-duty meal periods. As a result of their rigorous work schedules, Plaintiff and [the class] were from time to time not fully relieved of duty by Defendant[s] for their meal periods. Additional, Defendant[s'] failure to provide Plaintiff and [the Class] with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by Defendant[s'] business records from time to time. Further, Defendant[s] failed to provide Plaintiff and [the Class] with a second off-duty meal period in some workdays in which these employees were required by Defendant[s] to work ten (10) hours of work from time to time. As a result, Plaintiff and other members of [the Class] therefore forfeited meal breaks without additional compensation and in accordance with Defendant[s'] strict corporate policy and practice." (Compl. ¶ 93.) The Complaint elsewhere alleges that "DEFENDANT's policy and practice failed to provide the legally mandated meal and rest periods[.]" (Compl. ¶ 53).[3] The cause

---

[3] Although this language appears in Plaintiff's first cause of action for unfair business practices under Business & Professions Code § 17200, it is incorporated by reference into

of action further alleges that Defendants violated Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate Plaintiff and [the Class] who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided. (Compl. ¶ 94.)

27. According to Defendants' records, non-exempt employees of Bluecrew, LLC worked approximately 369,810 shifts of at least 5 hours from October 20, 2019 to October 20, 2022. (Patel Decl. ¶ 6.) Accordingly, conservatively, assuming a violation rate of 20% in light of the allegations in the Complaint, Plaintiff's Fourth Cause of Action (unpaid meal period premiums) places at least **$1,278,802.98** in controversy (369,810 shifts x .2 x $17.29/hour).[4]

### 2. Failure to Provide Rest Break Claim

28. Plaintiff's Fifth Cause of Action alleges that Plaintiff and the Class were "from time to time required to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees from time to time were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked in between six (6) and eight (8) hour, and a first, second, and third rest period of at least ten (10) minutes for minutes for some shifts worked of ten (10) hours or more from time to

---

each subsequent cause of action. (Compl. ¶¶ 63, 77, 92, 96, 100, 104, 108, 116.) Thus, as relevant here, the Complaint alleges that Defendants' alleged failure to pay meal and rest premiums was pursuant to a "policy and practice." The assumed violation rates set forth in this Notice flow from these allegations.

[4] Given the allegations in the Complaint, "a 20% violation rate is a conservative and reasonable assumption." *See Gipson v. Champion Home Builders, Inc.*, No. 1:20-cv-00392-DAD-SKO, 2020 WL 4048503, at *6 (E.D. Cal. July 20, 2020) ("[D]istrict courts have found violation rates between 25% to 60% to be reasonable based on 'pattern and practice' and 'policy and practice' allegations."); *Danielsson v. Blood Centers of Pac.*, No. 19-CV-04592-JCS, 2019 WL 7290476, at *6 (N.D. Cal. Dec. 30, 2019) (20% violation rate found reasonable based on an alleged "pattern and practice" of violative conduct).

time. Plaintiff and [the Class] were also not provided with one hour of wages in lieu thereof." (Compl. ¶ 97.) The cause of action further alleges that Defendants violated Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate Plaintiff and [the Class] who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided. (Compl. ¶ 98.)

29. According to Defendants' records, non-exempt employees of Bluecrew, LLC worked approximately 399,442 shifts of at least 3.5 hours from October 20, 2019 to October 20, 2022. (Patel Decl. ¶ 5.) Accordingly, conservatively, assuming a violation rate of 20% in light of the allegations in the Complaint, Plaintiff's Fourth Cause of Action (unpaid meal period premiums) places at least **$1,381,270.44** in controversy (399,442 shifts x .2 x $17.29/hour).[5]

### 3. Failure to Provide Accurate Wage Statements Claim.

30. Plaintiff's Sixth Cause of Action is a derivative claim for Defendants' purported failure to provide accurate wage statements in violation of Labor Code section 226. Specifically, Plaintiff alleges that Defendants failed to provide wage statements that identified the "accurate total hours worked each pay period," and that the wage statements failed to show, among other things, "gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate." (Compl. ¶ 102.)

31. Plaintiff seeks a statutory penalty, defined as at least $50 for each initial wage statement to a class member, and $100 per wage statement per class member for each subsequent violation pursuant to Labor Code section 226(e). (Compl. ¶ 103.) Looking solely at non-exempt employees in California whose employment commenced on or after October 2021, Bluecrew, LLC issued approximately 36,347 wage statements to those employees. (Patel Decl. ¶ 8.) Calculated solely at the lower $50 amount places at least **$1,817,350** in

---

[5] A 20% assumed violation rate for failure to pay rest breaks is conservative and reasonable for the reasons set forth in footnote 2, *supra*.

controversy (36,347 wage statements x $50). Obviously, application of the higher penalty sought by Plaintiff for subsequent pay periods would yield a much higher total.

### 4. Waiting Time Penalty Claim.

32.     Plaintiff also brings a derivative claim for Waiting Time Penalties, based on the failure to pay all wages due at the time of termination. (Compl. ¶¶ 108-115.) Though any statute of limitations defense is not taken into account in calculating the amount in controversy, even limiting the calculation to the period three years before the filing of the initial complaint, and assuming as true Plaintiff's allegations that all separated non-exempt employees failed to receive all wages due upon termination of employment, there were approximately 4,584 putative class members in California who were separated from October 6, 2019 through October 20, 2022. (Patel Decl. ¶ 7.) Accepting these allegations as true, each of these former employees is entitled to 30 days wages pursuant to Labor Code section 203.

33.     These average putative class members worked approximately 7.44 hours per work-day during this period. (*Id.*) Accordingly, this claim alone places in controversy in excess of **$17,690,242.75** in waiting time payments (per Labor Code section 203) as follows: 4,584 persons x $17.29 x 7.44 hours x 30 days = $17,690,242.75.[6]

### 5. Plaintiff's Request for Attorneys' Fees Places More than $5,540,000 in Controversy

34.     Plaintiff also explicitly seeks attorneys' fees should he recover for any of the claims in this action. (Compl., Prayer for Relief.) Prospective attorneys' fees are properly included in the amount in controversy for purposes of evaluating CAFA jurisdiction. *See Arias*, 936 F. 3d at 922 ("[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in

---

[6] Again, this is a conservative estimate because hundreds of non-exempt employees earned more than $17.29 per hour, worked more than 7.44 hours per day on average, and Plaintiff alleges that Defendants paid non-exempt employees non-discretionary bonuses that should be considered "wages" when calculating the hourly rate under Labor Code section 203. (Compl. ¶ 12.)

controversy."). Under the Ninth Circuit's well-established precedent, 25% of the common fund is generally used as a benchmark for an award of attorneys' fees. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *Barcia v. Contain-A-Way, Inc.*, 2009 WL 587844, at *5 (S.D. Cal. Mar. 6, 2009) ("In wage and hour cases, '[t]wenty-five percent is considered a benchmark for attorneys' fees in common fund cases.'").

35. Here, Defendants have established in the aggregate amount in controversy for the Fourth, Fifth, Sixth, and Eighth Causes of Action alone is at least $22,167,666.17, and Plaintiff has not indicated that he will seek less than 25% of a common fund in attorneys' fees. Defendants deny that any attorneys' fees are owed to Plaintiff or putative class members. However, for purposes of this jurisdictional analysis *only*, Defendants rely on Plaintiff's allegations that the attorneys' fees are owed.

36. Focusing solely on the causes of action above, using a 25% benchmark for attorneys' fees for Plaintiff's allegations results in an estimated attorneys' fees of approximately $5,541,916.54, calculated as follows:

| Conservative Estimate of Amount in Controversy from Meal, Rest, Wage Statement, and Waiting Time Penalties Claims | $22,167,666.17 |
|---|---|
| Attorneys' Fees Benchmark | 25% |
| Attorneys' Fees | $5,541,916.54 |

**6.   Just Four of Plaintiff's Nine Causes of Action, Including Attorneys' Fees, Place More than $27,700,000 in Controversy.**

37. In summary, Plaintiff's allegations regarding unpaid meal and rest premiums, wage statements, and waiting time penalties place more than $22,100,000 in controversy, and attorneys' fees on those two claims would place another roughly $5,500,000 in controversy, for a total amount in controversy of approximately $27,709,582.71. This number underestimates the total amount placed in controversy by Plaintiff's Complaint

because it is based on conservative assumptions about Plaintiff's putative class allegations and does not account for, among other things, any recover sought for the failure to pay overtime and minimum wages (Second and Third Causes of Action), failure to reimburse business expenses (Seventh Cause of Action), and Failure to Pay Sick Pay Wages (Ninth Cause of Action).

38. Plaintiff's allegations therefore place more than the requisite $5 million in controversy. The jurisdictional amount-in-controversy requirement is met, and removal to this Court is proper under CAFA.

### III. THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER.

39. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

   a) This is a civil action which is a class action within the meaning of 28 U.S.C. § 1332(d)(1)(B);

   b) The action involves a putative class of at least 100 persons as required by 28 U.S.C. § 1332(d)(5)(B);

   c) The amount in controversy exceeds $5 million, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2); and

   d) At least one member of the putative class is a citizen of a state different from that of any defendant as required by 28 U.S.C. § 1332(d)(2)(A).

40. The United States District Court for the Northern District of California is the federal judicial district in which the San Francisco County Superior Court sits. This action was originally filed in the San Francisco County Superior Court, rendering venue in this federal judicial district proper. 28 U.S.C. § 84(c); *see also* 28 U.S.C. § 1441(a).

41. True and correct copies of process, pleadings, and orders are attached to the Declaration of Lindsay Hutner as Exhibit B.

///
///
///

42. Upon filing the Notice of Removal, Defendants will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the San Francisco County Superior Court, pursuant to 28 U.S.C. § 1446(d).

DATED: November 21, 2022                         GREENBERG TRAURIG, LLP


                                        By:      */s/ Lindsay Hutner*
                                                 Lindsay Hutner
                                                 Samuel Hyde

                                                 Attorneys for Defendants
                                                 BLUECREW, LLC, and BLUECREW
                                                 STAFFING, INC.

18                                                                        CASE NO.
NOTICE OF REMOVAL
ACTIVE 683522205v1